IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NATURE'S SUNSHINE PRODUCTS, INC., et al., <br><br> Plaintiffs, <br><br> vs. <br><br> OSCAR DE LA MORA, et al., <br><br> Defendants. | ORDER & MEMORANDUM DECISION <br><br><br><br> Case No. 2:05CV43 TC |

This matter is before the court on Plaintiffs' renewed motion to remand. Plaintiffs initially filed this suit in state court alleging various business torts. Defendants removed the case to federal court on January 14, 2005, claiming proper diversity jurisdiction under 28 U.S.C. §1332(a)(3).

In their initial motion to remand, Plaintiffs argued that the presence of Mexican parties on either side of the case destroyed complete diversity. On February 17, 2005, the court denied Defendants' motion to remand on the grounds that complete diversity was proper. Specifically, the court held that the existence of Mexican parties on both sides of the dispute did not destroy diversity where the domestic parties were completely diverse. (Dkt. 22).

On March 15, 2005, Plaintiffs filed an amended complaint which now does not include the domestic Defendants. Plaintiffs subsequently filed this renewed motion to remand arguing that, because of the change in the parties, this court does not have subject matter jurisdiction.

Specifically, Plaintiffs argue that there is not complete diversity because the case now consists of both domestic and Mexican plaintiffs, but only Mexican defendants. The court need not reexamine its previous determination.

In the case of removal, diversity jurisdiction is to be determined at the time that the lawsuit is commenced and again at the time of removal. Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939); Koenigsberger v. Richmond Silver Mining Co., 15 S.Ct. 751, 754 (1895); Freeport-McMoRan, Inc. v. K N Energy, 498 U.S. 426, 428-29 (1991); see also Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3rd Cir. 1985) (defendant's right to remove is to be determined according to plaintiff's pleading at time of petition for removal); Brown v. Southwestern Bell Telephone Co., 901 F.2d 1250, 1254 (5th Cir. 1990) (same); Gossmeyer v. McDonald, 128 F.3d 481, 488-89 (7th Cir. 1997) (same); Farm Bureau Mut. Ins. Co., Inc. v. Eighmy, 849 F. Supp. 40, 42 (D.Kan. 1994) (same). The court previously decided that the exercise of jurisdiction was proper at the time of removal and there is no suggestion that such jurisdiction did not exist at the time the original complaint was filed.

Plaintiffs argue that their amended complaint relates back to the time of the original filing and therefore, there was not complete diversity at the time of commencement of the lawsuit. Plaintiffs' argument is without merit. The general rule applicable in diversity cases is that if jurisdiction is established, it may not be divested by subsequent events. Wichita R.R. & Light Co. v. Public Util. Comm'n, 260 U.S. 48, 54 (1922). The Tenth Circuit has held that a party may not force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action. Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488-89 (10th Cir. 1991). The Tenth Circuit's view is in line with the well-established

proposition that a plaintiff's post-removal machinations cannot serve to manufacture remand of a properly removed case. See e.g., Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 391 (1998) (the federal court may retain removed cases "in which a later event, say, the change in citizenship of a party, or a subsequent reduction of the amount at issue below jurisdictional levels, destroys previously existing jurisdiction." (emphasis in original)); see also Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995) ("a complaint amended post-removal cannot divest a federal court of jurisdiction"); Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 872 (6th Cir. 2000) (events occurring after removal that reduce the amount in controversy do not oust jurisdiction under diversity statute); Tropp v. Western-Southern Life Ins. Co., 381 F.3d 591, 595 (7th Cir. 2004) (original complaint that was on file at time of removal, not amended complaint filed after removal, was considered for purpose of determining whether diversity federal jurisdiction existed and warranted removal); Sparta Surgical Corp. v. National Ass'n of Securities Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998) ("jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments"); Southern Pac. Co. v. Haight, 126 F.2d 900, 903 (9th Cir. 1942) ("jurisdiction over [a properly removed case] will not be defeated by later changes or developments in the suit, such as changes in citizenship, in parties, in the amount involved or in the cause of action pleaded."); Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002) (if jurisdiction was proper on the date of removal, subsequent events will not divest court of jurisdiction).

Here, Plaintiffs' post-removal filing of an amended complaint is a unilateral attempt to divest the court of otherwise proper jurisdiction. Such an act cannot withdraw the court's

3

jurisdiction which was proper at the time of removal.

Accordingly, Plaintiffs renewed motion to remand is DENIED.

SO ORDERED this 2 day of May, 2005.

BY THE COURT:

Tena Campbell
TENA CAMPBELL
United States District Judge